IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VANCE G. MITCHELL,

    Petitioner,

v.                                                 CASE NO. 5:08-cv-0060-RH-GRJ

WALTER MCNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 11, Petitioner's *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's 2006 Bay County guilty-plea convictions for possession of controlled substances and battery. Respondent has filed a response and appendix with relevant portions of the state-court record. Doc. 32. The Court afforded Petitioner an extension of time to file a reply, but no reply has been filed. Upon due consideration of the amended petition, the response, and the state-court record, the undersigned recommends that the Petition be denied because the claims asserted by Petitioner are not cognizable on federal habeas review.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## State-Court Proceedings

The relevant procedural history is summarized in the Response, and Petitioner has not disputed the accuracy of that summary. Petitioner was charged with battery on his wife and controlled-substance offenses. Petitioner's case was set for a pretrial conference on January 4, 2006. Petitioner failed to appear for the conference, and his retained counsel, Mr. Faucheux, filed a motion to withdraw. The trial court granted the motion. In its order, the trial court noted that Petitioner told Mr. Faucheux that he did not appear for the January 4 conference because he was in a coma due to an automobile accident. Hospital records reflected that Petitioner was never unconscious following the accident, and that he was discharged from the hospital on January 1. App. Exh. O.

On February 21, 2006, Petitioner, represented by different counsel, entered a *nolo contendere* plea to the charges. Petitioner received a sentence of probation, but in June 2007 he pleaded guilty to violating probation, his probation was revoked, and he was sentenced to 18 months' imprisonment. *Id*. Petitioner unsuccessfully pursued postconviction relief in the state courts. Petitioner filed the instant federal habeas petition on February 29, 2008, one day before he was released from confinement on March 1, 2008, after fully serving his sentence. *See* Doc. 1; App. Exh. 4.

In his amended petition, Doc. 11, Petitioner asserts four claims for federal habeas relief: (1) that Mr. Faucheux rendered ineffective assistance "by not protecting the petitioner from charges being processed against him," because the prosecutor was going to dismiss the charges against him at the January 4, 2006, pretrial conference; (2) that Mr. Faucheux rendered ineffective assistance by not providing the trial court

with "medical records to support petitioner's absence" from the January 4 pretrial conference, and by "maliciously" misinforming the court about the facts of his case; (3) that the trial court violated his rights to due process and equal protection by failing to consider Petitioner's claim that he was unaware he was required to attend the January 4 pretrial conference;[2] and (4) that the trial court erred in rejecting one of his Rule 3.850 motions as successive.

### Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000). A federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

Moreover, the scope of federal habeas review in the guilty-plea context is extremely narrow. A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. See *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) ; *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). The Supreme Court has explained that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the

---

[2]It is unclear whether Petitioner's third ground pertains to the trial court's actions at the January 4 conference, or to the trial court's rejection of this claim on collateral review. The Court will construe the amended petition liberally as making both claims.

offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. This limitation on review extends to claims of ineffective assistance of counsel that do not implicate the validity of the plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (pre-plea claim of ineffective assistance waived). A plea of *nolo contendere* is recognized as the equivalent of a guilty plea in Florida. *See* Fla. R. App. P. 9.140(b)(2).

## Discussion

A review of the amended petition and the state record reflects that none of Petitioner's claims are cognizable on federal habeas review.[3] There is no allegation in the amended petition that Petitioner's February 21, 2006, *nolo contendere* plea was made involuntarily or unintelligently. *See* Doc. 11. Even liberally construing the amended petition, Petitioner alleges no facts suggesting that either Mr. Faucheux's or the trial court's actions at the January 4, 2006, pretrial conference implicate the validity of Petitioner's guilty plea. It is thus clear that Petitioner's first three grounds for relief – alleging ineffective-assistance and trial-court error at the January 4, 2006, pretrial conference – are all foreclosed from federal collateral review. *See Tollett*, 411 U.S. at

---

[3] Because it is clear that Petitioner's claims are not cognizable, it is unnecessary to address Respondent's argument that Petitioner's claims are unexhausted. *See* 28 U.S.C § 2254(b)(2) (habeas petition may be denied on the merits, notwithstanding failure to exhaust). Further, although Respondent argues that the petition is moot due to Petitioner's release Respondent concedes that Petitioner was "in custody" when this case was filed (though only for one day). The Court may presume that the conviction has continuing collateral consequences even though Petitioner's sentence has now expired. *See Sibron v. New York*, 392 U.S. 40, 55 (1968); *Jamerson v. Sec'y, Dept. Of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005).

267.

Petitioner's third ground may be construed as alleging that the state court erred by not considering on collateral review that he was unaware he needed to attend the January 4 conference. Petitioner's fourth ground alleges error by the trial court in rejecting a Rule 3.850 motion as successive under state law. These claims are not cognizable on federal habeas corpus review because Petitioner asserts no federal constitutional violation. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal court is not the appropriate forum to challenge the process afforded in state collateral proceedings because the challenge attacks a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby,* 360 F.3d 1259, 1261-62 (11th Cir.2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir.1987) (claim of procedural errors by state trial court on postconviction review do not state a basis for federal habeas relief).

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the amended petition for a writ of habeas corpus, Doc. 11, be **DENIED,** and that a certificate of appealability be **DENIED**.

**DONE AND ORDERED** this 24th day of February 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**